**2015 UT App 264**

# THE UTAH COURT OF APPEALS

CURTIS B. GREGORY,
Petitioner,

*v.*

DEPARTMENT OF WORKFORCE SERVICES,
Respondent.

Per Curiam Decision
No. 20150715-CA
Filed October 29, 2015

Original Proceeding in this Court

Curtis B. Gregory, Petitioner Pro Se

Suzan Pixton, Attorney for Respondent

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR., and
MICHELE M. CHRISTIANSEN.

PER CURIAM:

¶1      Petitioner Curtis B. Gregory seeks judicial review of two decisions of the Workforce Appeals Board (the Board) affirming the Department of Workforce Service's (the Department) decisions denying benefits and imposing a fraud overpayment and penalty.[1] This case is before the court on a sua sponte motion for summary disposition.

---

1. The Board issued separate decisions in two cases. In one case, the Department found Gregory ineligible for unemployment benefits. In the other case, the Department imposed a fraud overpayment and penalty based upon a finding that he knowingly withheld material information from the Department regarding work and earnings.

¶2 The Department issued its decisions denying benefits and imposing a fraud overpayment and penalty on May 1, 2015. The decisions notified Gregory that he needed to file his appeal with the Department on or before May 18, 2015. Gregory filed untimely appeals of the Department's decisions on May 28, 2015. A hearing before an Administrative Law Judge (ALJ) on both appeals was scheduled for June 10, 2015, to address issues that included whether the untimely appeals would be considered. Two hearing notices advised Gregory that by a specific time on June 9, 2015–the day before the hearing–he must notify the Appeals Unit to confirm his intent to participate in the hearing and to provide a telephone number where he could be reached for the telephonic hearing. The notices advised Gregory that if he failed to confirm his participation, the hearing would be cancelled, the appeals would be dismissed, and an Order of Default would issue. The notices also advised that if there was a conflict with the date and time, Gregory could request a continuance. Finally, the notices informed Gregory that the appeal decisions would be based solely on the evidence presented at the hearing and that failing to participate in the hearing may result in a decision against him.

¶3 Gregory failed to confirm his participation in the hearing by the time specified in the notices. The ALJ issued an Order of Default, which advised Gregory of the procedure to reopen an appeal. Gregory made a timely request to reopen the appeal, and a second hearing was scheduled for June 24, 2015. Again, the Department sent notices to Gregory containing the same instructions regarding confirmation of the intent to participate in the hearing. Gregory again failed to comply, and a second Order of Default issued. Following another request to reopen the appeal, a third hearing was scheduled for July 7, 2015. Gregory again failed to timely verify his participation, and a third Order of Default issued.

¶4 On July 10, 2015, Gregory filed a third request to reopen his appeals. After his failure to participate in three scheduled hearings, the matter was referred to the Board to consider whether the appeals should be reopened. The Board sent Gregory a letter asking him to advise the Board of any circumstances that "may have caused your failure to participate in the hearings scheduled for June 10, June 24, and July 7, 2015." Gregory responded that he had been working long hours and had no time at work to be on the phone. The Board issued two decisions on July 29, 2015, each finding that Gregory did not show he was prevented from participating in the hearings due to circumstances that were beyond his control or due to excusable neglect. The Board affirmed the third Order of Default, which left the Department's decisions that denied benefits and established an overpayment and penalty in effect. Gregory seeks judicial review of the Board's decisions.

¶5 We apply a deferential standard of review to a mixed question of fact and law when "the mixed finding is *not* 'law-like' because it does not lend itself to consistent resolution by a uniform body of appellate precedent" or when it "*is* 'fact-like' because the [factfinder] is in a superior position to decide it." *Jex v. Labor Comm'n*, 2013 UT 40, ¶ 15, 306 P.3d 799 (alteration in original) (citation and internal quotation marks omitted). Therefore, we accord deference to the Board's decision that Gregory did not demonstrate that he was prevented from attending any of the scheduled hearings due to circumstances that were beyond his control or that his failure to confirm his participation in the hearing was due to excusable neglect.

¶6 Utah Administrative Code R994-508-118 states that a request to reopen will be granted if a party "was prevented from appearing at the hearing due to circumstances beyond the party's control." The rule further provides that a request may be granted due to "mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief," and that "[t]he

determination of what sorts of neglect will be considered excusable is an equitable one," listing some "relevant circumstances" to be considered. Utah Admin. Code R994-508-118(2). "Excusable neglect is not limited to cases where the failure to act was due to circumstances beyond the party's control." *Id.* R994-508-118(4).

¶7     It is undisputed that Gregory missed all three of the scheduled hearings after failing to call to confirm his participation within the time allowed by the notices. Although the hearing notices stated that if Gregory had a conflict, he could request a continuance, the Board found that there was "nothing in the record to show that once [Gregory] realized his work schedule conflicted with the hearing times, he made any attempt to reschedule the hearing." Because Gregory could not "offer a reasonable explanation for not participating in previously scheduled hearings," the Board denied the third request to reopen his appeal.

¶8     Before this court, Gregory states that he "missed each appointment due to miscommunications and having a hard time finding the time in between the long hours I have been working this summer." He did not claim before the Board that there was any miscommunication, and accordingly, the claim before us is untenable. The notices clearly informed Gregory of the requirement to confirm his participation in the scheduled hearing and the consequences of failing to do so. Gregory argues the merits of his appeals from the Department's decisions despite the facts that his appeal of those decisions was not timely and that untimeliness was an issue that would have been a subject of the hearing before an ALJ. As the Board noted, a determination on the merits of Gregory's appeals cannot be made based upon his letters and unsworn assertions. By failing to participate in any of the three hearings scheduled to consider his administrative appeals, Gregory also failed to provide any

evidence that could be considered by this court in a proceeding for judicial review.

¶9     We decline to disturb the decisions of the Workforce Appeals Board.

———————