2016 UT App 81

## THE UTAH COURT OF APPEALS

NATHAN U. SCHUR,
Petitioner,

*v.*

DEPARTMENT OF WORKFORCE SERVICES,
Respondent.

Per Curiam Decision
No. 20151064-CA
Filed April 28, 2016

Original Proceeding in this Court

Nathan U. Schur, Petitioner Pro Se

Suzan Pixton, Attorney for Respondent

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR., and
MICHELE M. CHRISTIANSEN.

PER CURIAM:

¶1     Petitioner Nathan U. Schur seeks judicial review of a decision of the Workforce Appeals Board (the Board) affirming the Department of Workforce Services's (the Department) decision denying unemployment benefits.

¶2     Schur filed a timely appeal of the Department's decision denying benefits. The Department scheduled a hearing before an Administrative Law Judge (ALJ) for September 8, 2015, which was the day after Labor Day. The hearing notice advised Schur that by 3:30 p.m. on Friday, September 4, 2015, he must call the Department's Appeals Unit to confirm his intention to participate in the hearing and to provide a telephone number where he could be reached. The notice advised Schur that if he failed to timely confirm his intent to participate, the Department would cancel the hearing, dismiss the appeal, and enter an order of default.

¶3    Schur failed to timely confirm his participation. Accordingly, the ALJ issued an order of default, which advised Schur that the order would become final unless, within ten days from the date of the order, he made a written request for a new hearing. Schur made a timely request, and the Department scheduled a second hearing for September 29, 2015. The Department sent a second notice of hearing containing the same instructions regarding the requirement to confirm participation by a specified time and date. Schur called within that time and provided a number where he could be reached for the telephonic hearing. At the scheduled time, Schur failed to answer the ALJ's call. After waiting fifteen minutes for a return call, the ALJ issued a second order of default. Schur again requested a new hearing date. The Department scheduled a third hearing for October 19, 2015, and issued a third notice of hearing that required Schur to confirm his intent to participate by a specific date and time. Schur failed to timely confirm his intent to participate, and the ALJ issued a third order of default.

¶4    After Schur's failure to participate in three scheduled hearings, his third request to reopen the appeal was referred to the Board. The Board directed Schur to advise it of any circumstances that caused his failure to participate in the scheduled hearings. Schur claimed that the date on which he was required to confirm participation in the first hearing was Labor Day, which is a legal holiday. Schur next claimed that he was available and had cell phone reception at the time of the second scheduled hearing but the ALJ did not call him. Finally, he claimed that he did not receive any confirmation from the Department that a third hearing was scheduled, and he also claimed that someone from the Department provided him with an incorrect number to call. The Board found Schur's response to be unpersuasive for the reasons hereafter explained. Ultimately, the Board concluded that Schur had three opportunities to participate in a hearing and that his failure to do so was not due to circumstances beyond his control or excusable neglect, as

defined by rule R994-508-118 of the Utah Administrative Code. Schur seeks judicial review of the Board's decision.

¶5    We apply a deferential standard of review to a mixed question of fact and law when "'the mixed finding is *not* "law-like" because it does not lend itself to consistent resolution by a uniform body of appellate precedent'" or when it "'*is* "fact-like" because the [factfinder] is in a superior position to decide it.'" *Jex v. Labor Comm'n*, 2013 UT 40, ¶ 15, 306 P.3d 799 (alteration in original) (citation omitted). The decision of the Board in this case is more fact-like. Therefore, we defer to the Board's decision that Schur did not demonstrate that he was prevented from attending any of the scheduled hearings due to circumstances that were beyond his control or due to excusable neglect.

¶6    Rule R994-508-118(1) of the Utah Administrative Code states that a request to reopen will be granted if a party "was prevented from appearing at the hearing due to circumstances beyond the party's control." The rule further provides that a request may be granted due to "mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief" and that "[t]he determination of what sorts of neglect will be considered excusable is an equitable one," listing some "relevant circumstances" to be considered. Utah Admin. Code R994-508-118(2). "Excusable neglect is not limited to cases where the failure to act was due to circumstances beyond the party's control." *Id.* R994-508-118(4).

¶7    Before the Board and this court, Schur claimed that he was not given an opportunity for a hearing. The Board found that the Department made every attempt to notify Schur of the hearings by sending notices to his address of record. Although Schur denied receiving the third notice of hearing, the Board found that the record demonstrated that the Department sent the third notice to the same electronic correspondence address where Schur had received the two previous notices. Moreover,

Schur had recently filed a request to reopen the appeal, and given his familiarity with the procedures, he knew or should have known that the Department would be sending another notice of hearing to him. The Board found Schur's claim that he did not receive the third notice not to be credible. The Board also found Schur's claim that he missed the three hearings because of poor communications from the Department not to be credible. Specifically, the first notice of hearing did not require him to confirm his participation on Labor Day, as he claimed. It instead required him to confirm participation by the previous Friday. The Board also found the claim that a Department representative provided the wrong phone number to be unpersuasive because the notices provided the correct number, which Schur had used to confirm his participation in the second hearing. Finally, the Board found Schur's claim that he did not receive the ALJ's call for his second hearing not to be credible. The Board's factual findings are supported by substantial evidence in the record, and those findings support the Board's decision that Schur failed to demonstrate a justifiable reason for his failure to participate in any of the scheduled hearings.

¶8      Before the Board and this court, Schur attempted to argue the merits of his appeal of the Department's denial of benefits. Because Schur failed to participate in a hearing where he would have had the opportunity to present evidence, including sworn testimony, the Board did not consider the merits of his appeal. By failing to participate in any of the three hearings scheduled to consider his agency appeal, Schur also failed to provide any evidence that could be considered by this court in a proceeding for judicial review. *See Gregory v. Department of Workforce Servs.*, 2015 UT App 264, ¶ 8, 361 P.3d 701 (per curiam).

¶9      We do not disturb the Board's decision denying a request to reopen the appeal and affirming the denial of benefits.

———————